```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION
```

| | |
|---|---|
| JOHN RILEY DONALD, | * |
| Plaintiff, | * |
| vs. | * CIVIL ACTION NO. 23-00353-TFM-B |
| STATE OF ALABAMA, *et al.*, | * |
| Defendants. | * |

## REPORT AND RECOMMENDATION

This action is before the Court on review. Plaintiff John Riley Donald, who is proceeding *pro se* and *in forma pauperis*, filed a complaint against the State of Alabama, the Alabama Bureau of Pardons and Paroles, and the Alabama Department of Corrections. (Doc. 1). In his complaint, Donald alleged that he was arrested by the Mobile Police Department on or about September 25, 2019, "after he had called law enforcement to his personal residence due to an individual being in his residence when he arrived at it[.]" (Doc. 1-1 at 1). Donald asserted that his parole was subsequently "revoked due to a new criminal charge." (Id.). Donald alleged that after he was "held in custody over the allotted 20 days in violation of Due Process[,] . . . the case was dismissed" on March 2, 2020, "due to lack of probable cause." (Id.). Donald stated that he was released on April 5, 2020, "due to Governor Kay Ivey executive order." (Id.).

1

Donald further alleged that on April 24, 2022, he "was arrested for an escape warrant issued by ADOC commissioner John Hamm." (Id.). Donald asserted that the "Alabama Pardons and Paroles held no further revocation hearing and held Donald in the custody of ADOC for another 17 months." (Id. at 1-2). Donald asserted that he "was detained and imprisoned without Due Process" during this time. (Doc. 1 at 4).

Donald claimed that the "actions of the State [were] a direct violation of [his] 14th and 5th, and 4th amendment rights." (Doc. 1-1 at 2). Donald claimed that the "Alabama Department of Corrections further infringed upon Donald's rights by denying him Mandatory Release in compliance with § 15-22-26.2 which is a 14th Amendment violation." (Id.). Donald demanded "$1,000,000 dollars US currency for damages, lost wages, emotional distress, and false imprisonment by the Defendants." (Id.).[1]

In an order dated September 21, 2023, the undersigned conducted an initial screening review of Donald's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and found that the complaint was frivolous as a matter of law. (Doc. 4). In the order, the undersigned observed that Donald's complaint appeared "to assert claims for relief under 42 U.S.C. § 1983, which is a vehicle by

---

[1] This action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) for consideration and disposition or recommendation on all pretrial matters as may be appropriate. (Doc. 3).

which to sue those acting under color of state law for violations of federal constitutional and statutory provisions." (Id. at 4). The Court noted that to state a claim for relief under § 1983, "a plaintiff must allege facts showing that a person acting under color of state law violated his rights as secured by a specific federal constitutional or statutory provision." (Id.).

The Court then explained that Donald's complaint did not state a viable claim for relief under § 1983 because "the State of Alabama is not considered a 'person' for the purpose of a § 1983 action[,]" and "'a state agency [such as the Alabama Bureau of Pardons and Paroles or the Alabama Department of Corrections] is not a person within the meaning of 42 U.S.C. § 1983.'" (Id. (citations omitted)). The Court also noted that "it is well-settled that the Eleventh Amendment bars § 1983 actions against the State of Alabama and its agencies, including the Alabama Department of Corrections and the Alabama Bureau of Pardons and Paroles." (Id. at 4-5).

Because "the State of Alabama, the Alabama Bureau of Pardons and Paroles, and the Alabama Department of Corrections are not proper Defendants in this case[,]" the Court found that Donald's complaint against those Defendants was without legal merit and was due to be dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). (Id. at 6). However, the Court granted Donald leave to file an amended complaint stating a plausible claim for

3

relief against a proper defendant no later than October 20, 2023, to the extent he was able to do so.  (Id. at 7, 10).  Donald was cautioned that if he failed to file an amended complaint within the ordered time, the undersigned would recommend that this action be dismissed.  (Id. at 11).

To date, Donald has not filed an amended complaint, despite being granted leave to file an amended complaint no later than October 20, 2023.  Donald has not requested additional time to file an amended complaint, he has not indicated that he was unable to file an amended complaint within the time provided, and he has provided no explanation for his failure to timely file an amended complaint.  Additionally, the docket reflects that none of the orders or documents sent to Donald in this case have been returned to the Court as undeliverable.

A court "may *sua sponte* dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) if the plaintiff fails to comply with court rules or a court order."  Smith v. Bruster, 424 F. App'x 912, 914 (11th Cir. 2011) (per curiam) (citing Fed. R. Civ. P. 41(b); Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1337 (11th Cir. 2005)).  "In addition to its power under Rule 41(b), a court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation."  Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006) (citing Link v. Wabash R.R., 370 U.S. 626, 630–

31 (1962)). To dismiss an action with prejudice for failure to prosecute, comply with the Federal Rules of Civil Procedure, or follow a court order, the court must find "a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct." Betty K Agencies, 432 F.3d at 1339. "While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

As noted previously, Donald has not filed an amended complaint, despite the Court's clear warning that if he failed to file an amended complaint by October 20, 2023, the undersigned would recommend that this action be dismissed. Donald has not explained his failure to file an amended complaint, indicated that he is unable to file an amended complaint for some reason, or sought additional time within which to file an amended complaint. Donald's failure to file an amended complaint within the time provided by the Court suggests that he has lost interest in and abandoned the prosecution of this action. In light of Donald's failure to prosecute this action by filing an amended complaint within the ordered time and apparent abandonment of the prosecution of this action, it is recommended that this action be **DISMISSED without prejudice** pursuant to Rule 41(b) and this Court's inherent authority, as no lesser sanction will suffice.

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **3rd** day of **November, 2023.**

                                          **/s/ SONJA F. BIVINS**
                                    **UNITED STATES MAGISTRATE JUDGE**